1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

CHRISTINE M. PLANTE, et al.,

CASE NO. 13CV0310 GPC KSC

12

Plaintiff,

**1) ORDER GRANTING MOTION FOR THE U.S. MARSHAL TO PROVIDE SERVICE WITHOUT PAYMENT OF FEES**

13

14

vs.

15

**2) DENYING MOTION TO APPOINT COUNSEL**

16

17

THE UNITED STATES OF AMERICA,

**3) DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**

18

19

Defendant.

20

[DKT. NOs. 9, 13]

21

## BACKGROUND

22

On February 7, 2013, Plaintiff Christine M. Plante ("Plaintiff") filed a tort

23

claim against Defendant. (Dkt. No. 1.)  On that same date, Plaintiff filed a motion

24

for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) Judge Gonzalez

25

granted Plaintiff's Motion to Proceed IFP, and upon sua sponte review, dismissed

26

the complaint for failure to state a claim. (Dkt. No. 3.)  On May 23, 2013, Plaintiff

27

filed a First Amended Complaint. (Dkt. No. 4.)  On August 28, 2013 the case was

28

transferred to the undersigned judge. (Dkt. No. 7.)

## DISCUSSION

### I. Motion to Waive Service Fees

On August 30, 2013, Plaintiff filed a motion for the U.S. Marshal to provide service of process without the pre-payment of fees. (Dkt. No. 9.)  Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all her assets, showing that she is unable to pay filing fees. See 28 U.S.C. § 1915(a). Plaintiff submitted an affidavit that sufficiently shows that she lacks the financial resources to pay the filing fee. (Dkt. No. 2.)

Plaintiff declares she is currently unemployed, and that she was last employed in 2005. (Id.)  Plaintiff states she receives no money per month. (Id.) Plaintiff states she has a dependent son. (Id.)  Plaintiff declares she has a checking account with $624.42 currently in the account. (Id.)  Plaintiff declares she does not have a savings account, vehicle, real estate or any other valuable property.  (Id.) In total, the Court finds Plaintiff demonstrated the inability to pay the funds required for the U.S. Marshal Service. (Id.) Thus, the court **GRANTS** Plaintiff's Motion for the U.S. Marshall to Provide Service Without Payment of Fees.

### II. Sua Sponte Review of First Amended Complaint

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed without paying service fees pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Section 1915 mandates that a court reviewing a complaint filed pursuant to the in forma pauperis provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures, Rule 4(c)(2).  Lopez, 203 F.3d at 1127.

Plaintiff does not state a sufficient basis for federal jurisdiction over her case. It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented.  See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ."  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)  (citations omitted).

 Federal courts are courts of limited jurisdiction. Unlike state courts, they have no 'inherent' or 'general' subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party.  See Finley v. United States, 490 U.S. 545 (1989).  Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994).

Plaintiff's Complaint fails to invoke a federal question and Plaintiff has not shown that diversity jurisdiction exists.  Although Plaintiff names "the United States of America," as a Defendant, there is no clear indication that any federal government agency or representative was involved in the alleged incident.  As a result, Plaintiff has not presented a sufficient basis for federal jurisdiction in this case. Accordingly, the court **DISMISSES** Plaintiff's First Amended Complaint without prejudice.

### III. Motion for Appointment of Counsel

On Sept. 24, 2013, Plaintiff filed a motion to appoint counsel. (Dkt. No. 13.) Plaintiff requests counsel for the following reasons: (1) Plaintiff's claim is meritorious; (2) Plaintiff has made a reasonably diligent effort to obtain counsel; and (3) Plaintiff is unable to find an attorney willing to represent her on terms she can afford. (Id.)

Under 28 U.S.C. § 1915(e)(1), a district court has discretion to ask counsel to represent an indigent plaintiff. See Solis v. County of Los Angeles, 514 F.3e 1101, 1103 (9th Cir. 2004). However, exigent circumstances must exist for the court to exercise such discretion, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir 1991), since civil proceedings do not yield an absolute right to counsel. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994). Exigent circumstances are indicated by consideration of both the likely success of the Plaintiff's claim and the Plaintiff's capability to effectively communicate complex legal issues involved, neither of which, alone, are dispositive. See Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989); Terrell, 935 F.2d at 1017.

In the present proceeding, Plaintiff does not state an inability to properly represent herself and the record shows Plaintiff has the ability to communicate legal issues. For example, Plaintiff has filed an Amended Complaint, exemplifying her ability to articulate allegations against Defendant. Furthermore, Plaintiff fails to illustrate any likelihood of the claims success. Consequently, the Plaintiff has not met the requirements for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, the Plaintiff's Motion for Appointment of Counsel must be **DENIED**.

### CONCLUSION

For the reasons stated above, the Court hereby

1) **GRANTS** Plaintiff's Motion for the U.S. Marshall to Provide Service Without Payment of Fees;

2) **DISMISSES** Plaintiff's First Amended Complaint without prejudice;

[13CV0310-GPC-KSC]

3) **DENIES** Plaintiff's Motion for Appointment of Counsel.

Plaintiff is granted leave to file an amended complaint that cures the deficiencies noted above on or by **November 15, 2013**. Failure to file an amended complaint by the deadline may result in dismissal with prejudice.

**IT IS SO ORDERED.**

DATED: October 16, 2013

HON. GONZALO P. CURIEL
United States District Judge

[13CV0310-GPC-KSC]