FILED

AUG - 3 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE PLANTE, and C.J.S., *a minor*,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 13cv0310-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**<br><br>[Doc. 77] |

On July 16, 2015, plaintiff Christine Plante filed a document entitled "Request for an Extension of Time." [Doc. 77] From the substance of her filing, it appears that the plaintiff requests that this Court modify the dates in the Scheduling Order to permit her additional time to provide an expert witness report and conduct expert-related discovery. This is the plaintiff's third request for an extension of time in which to obtain an expert witness. *See* [Docs. 69, 71]

In support of this third request for an extension of expert-related deadlines, the plaintiff reports that she has now identified a prospective expert witness, Dr. James Alton Burks. [Doc. 77, p. 1] The plaintiff asserts that she has spoken to Dr. Burks by telephone and provided him with "medical records and payment." *Id.* She states, however, that since they spoke on the telephone, Dr. Burk has become unresponsive to her efforts to contact him via telephone and email. *Id.* The plaintiff concludes that at this time, "[h]e is an absent witness." *Id.*

## A. Legal Standards

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1988). Scheduling Orders are issued pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to limit the time to join parties, amend the pleadings, complete discovery and file motions. FED. R. CIV. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the deadlines set forth in the order. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).

## B. Factual Background

Ms. Plante states in a Declaration that on an unspecified date, she spoke to a referral service called The Expert Institute. [Doc. 77-2, p. 2] For a fee of $2,000, The Expert Institute referred her to a potential expert witness, Dr. Burks. *Id.*, [Doc. 77-4, Exs. 1-2, pp. 1-7] Dr. Burks called the plaintiff by telephone at least once on an unknown date, but did not indicate at that time whether he would be able to provide his expert opinion in this case. [Doc. 77, p. 1] He also told Ms. Plante that he prefers to work with attorneys in cases rather than *pro se* litigants. [Doc. 77-2, p. 4]

Following her initial conversation with Dr. Burks, on May 8, 2015, Ms. Plante served notice upon opposing counsel designating Dr. Burks as the plaintiff's medical expert in this case. [Doc. 77-4, Ex. 3, p. 8]

Ms. Plante sent Dr. Burks the relevant medical records from this case and an additional $2,000 in a retainer free on May 11, 2015, and May 15, 2015. *Id.* at 1-2; [Doc. 77-4, Exs. 4-5, pp. 9-10] Before that time, on an unspecified date, Ms. Plante also

informed Dr. Burks via email of the Court's Scheduling Order and the various expert-related due dates and deadlines. [Doc. 77-2, p. 3]

The plaintiff claims that she last spoke to Dr. Burks on June 3rd or 4th, 2015, when she called to remind him that his report would be due soon. [Doc. 77-2, p. 4] She reports that Dr. Burks said that he was busy and would call her back, but he never did. *Id.* To date, Ms. Plante has not heard from Dr. Burks, cannot reach him by email or telephone, and is uncertain whether the checks that she sent him have been cashed.[1] *Id.*; [Doc. 77, p. 1] She concludes that Dr. Burks has "resigned" from the case. [Doc. 77-2, p. 3]

## C. Discussion

Courts are directed to afford *pro se* litigants some leniency to compensate for their lack of legal training. *See Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.") (internal citation omitted). Notwithstanding the above, this Court previously cautioned the plaintiff that it will not grant "blanket extensions of the pretrial dates" and that "further extensions of the pretrial deadlines [would] not be granted absent a showing of extraordinary good cause." [Doc. 69, p. 2] This Court has further reminded Ms. Plante that it is "her responsibility to maintain compliance with the Court's deadlines and to prosecute her case in a timely manner." [Doc. 71, p. 2]

In this case, the Court concludes that Ms. Plante has failed to show the diligence or good cause necessary to warrant a third extension of the expert-related deadlines. Discovery commenced in October 2014, following the Case Management Conference. [Doc. 30] Nine months is more than sufficient time under the circumstances for a party to secure the assistance of an expert witness for trial.

---

[1] Contrary to the plaintiff's assertions, this case does not confer upon the Court any authority over Dr. Burks. The Court has no way of investigating whether he has cashed the checks Ms. Plante claims she sent to him. Individuals with whom the parties consult in the course of the litigation are not "agent[s] of the court." *Cf.* [Doc. 77-2, p. 3]

While the unexpected withdrawal of an expert witness can sometimes support good cause to amend a scheduling order, *see Park v. CAS Enterprises, Inc.*, 08cv385-DMS (NLS), 2009 WL 4057888, at *2 (S.D. Cal. Nov. 18, 2009), Ms. Plante has not established that Dr. Burks ever agreed to be the plaintiff's expert in this case. Instead, she merely asserts that Dr. Burks "did not say that he would *not* provide his expert opinion" when they first spoke. [Doc. 77, p. 1] (emphasis added) Furthermore, even if Dr. Burks had agreed at one time to be the plaintiff's expert witness, she has not had contact with him since early June. [Doc. 77-2, p. 3] This Motion was filed on July 16, 2015. Six weeks is more than enough time to find a suitable substitute.

This Court is sympathetic to Ms. Plante's situation. However, nothing in her Motion or accompanying Declaration persuades the Court that Ms. Plante will succeed in locating a suitable expert witness for trial if given a third extension of time to do so. The Court is familiar with Ms. Plante's efforts to date to find both an attorney to represent her and C.J.C, and an expert. However, she has not presented any new information in the instant Motion to demonstrate that she will be any more able to find an expert now than before. More likely, a third extension will simply further delay this case, which has already been pending since early 2013.

**D. Conclusion**

In conclusion, this Court finds that Ms. Plante has failed to meet her burden of showing good cause and diligence to amend the Scheduling Order a third time. Accordingly, this Court DENIES the plaintiff's request without prejudice.

IT IS SO ORDERED.

Date: 8/3, 2015

KAREN S. CRAWFORD
United States Magistrate Judge